## STATE TREASURER vs. THEODORE WOODWARD.

RUTLAND,
July,
1835.

A recognizance taken by a justice of the peace, where no form is given by the statute, is legal and valid in the terms which shall accomplish the object in view.

A clause in a recognizance for the appearance of a witness as follows,—"and not depart without leave of court," is legal.

Debt on recognizance. On the 11th day of January 1831, a complaint was exhibited to Ira Jennings a justice of the peace against one Lull for disinterring the dead, a warrant issued, Lull apprehended and an inquiry had, upon which Lull was convicted and was bound over for trial to the next county conrt; and at the same time the defendant, who was a witness before the court of inquiry, was ordered and did enter into a recognizance for his appearance as a witness, at the same term of the county court to which Lull was bound over. The recognizance was as follows:

"*Rutland county, ss.* Be it remembered, that on the 11th day of January 1831, before Ira Jennings, a justice ¡of the peace, for the county of Rutland, personally appeared Theodore Woodward and acknowledged himself indebted to the treasurer of the state of Vernont in the sum of one thousand dollars to be levied of his goods and chattels, lands and tenements, and for want thereof on his body, if default be made in the condition following:

"The condition of the recognizance is such that if the above named Theodore Woodward shall appear before the county court to be holden at Rutland in and for the county of Rutland on the 4th Tuesday of April next, to testify his knowledge in a certain prosecution in behalf of the state of Vermont against Almon Lull of Hartland, in the county of Windsor, and shall not depart without the leave of said court, then this recognizance to be void otherwise of force."

An information was filed against Lull by the state's attorney at the next term of the court, and the prosecution was continued from term to term, until September term 1832, when Lull, the respondent, was called, and also the defendant, Woodward, who did not appear. Whereupon this action of debt upon the recognizance was commenced in the county court. Judgment rendered for the plaintiff, to which the defendent excepted, and the cause passed to this court for revision.

*Smith & Langdon for defendant*, contended, 1. That at the term the defendant was called to appear as witness in pursuance of his recognizance, the respondent was first called and made default of his appearance. A trial was not contemplated and could not have

67

been had. The law under such circumstances does not require the witness to appear, and the non-appearance of the defendant is not a forfeiture of his recognziance.—2 Swift's Dig. 129.—7 Went. Pl. 243.

2. It does not appear the defendant was a witness in the trial before the justiee court. The recognizance on the face must show an authority in the magistrate to take it.—2 Stark. Ev. 806.— Big. Dig. 473 and 389, ed. of 1818.—*Bridge* vs. *Force*, 7 Mass. Rep. 209.—*Johnson* vs. *Randall*, 7 Mass. Rep. 340.—*Rix* vs. *York et al*, 5 Bur. Rep. 2684.—*Rix* vs. *Hall*, 3 Bur. Rep. 1636.

3. The recognizance stipulates for an appearance at the next term of the county court, and not at a subsequent term.

The condition is, " The defendant and four others shall appear before the county court to be holden at Rutland on the 4th Tuesday of April next, to testify, &e. and shall not depart without leave of said court," &c. The words, " and not depart," are answered by a legal appearance at the first term. It would be doing great violence to the words of the condition, to construe it to include an appearance at a subsequent term.—*Kingsbury* vs. *Clark*, 1 Con. Rep. 406.—Bac. Abr. Bail, L.

1 Saund. Rep. 66.—The condition of a bond shall be taken formally and for the advantage of the obligor.

A recogaizance taken by a justice of the peace and conditioned for an appearance from term to term would be invalid. The statute confers on him all the power he has in such cases, and if he exceeds his power his proceedings are void.—*Billings* vs. *Avery*, 7 Con. Rep. 226.

From the statute it clearly appears that the magistrate can only recognize the witness to appear at the next term.—Stat. ch. 9, sec. 2 and 3.—Ch. 7, No. 1, sec. 39.—Statute of 1828, p. 4, sec. 2. The county court has the whole control and direction of its witnesses. If the case is continued the witnesses must be recognized anew. So is the practice.—1 Chit. C. L. 486.—Bac. Abr. Bail, L.

4. If the recognizance runs from term to term the calling of the defendant at a subsequent term without notice, is not sufficient to charge him with the penalty. In England the respondent and witnesses are recognized to appear on the first day of the term ; and it is a settled rule, if the bonds are not called on that day, but on a subsequent day, there must be notice.—Chit. C. L. 106.— Bac. Abr. Bail, L.

The justice derives no authority from the statute to recognize
" not to depart without leave of the court.—Stat. p. 124.—2 Aik.
211.

RUTLAND,
*July*,
1835.
Treasurer
*vs.*
Woodward.

*State's Attorney for the plaintiff.*—This is an action of debt
on a bond of recognizance entered into by defendant before a jus-
tice of the peace, conditioned for his appearance before the county
court as a witness in behalf of the state under the statute.

The condition of the bond requires that the recognizor shall ap-
pear before the county court at the time specified therein, and not
to depart without leave of said court.

The plaintiff contends that the defendant has not complied with
the requirement of his bond in this, that he *has* departed without
leave of the court.

By the continuance of the cause in which the defendant was re-
quired to testify, the court did in effect order the defendant to ap-
pear to testify on the trial of said cause at the subsequent term, or
from term to term; and the defendant was bound to take notice at
every term of the disposition of the cause by the court, and in no
case to depart without leave of the court, until the cause was tried
or dismissed from the docket.

The opinion of the court was delivered by

PHELPS, J.—It is objected in this case, that it does not appear
that the defendant was a witness before the court of inquiry.
Whether this be necessary or not is perhaps not a very important
inquiry, inasmuch as it is to be inferred from the record that the
defendant was present in the capacity of a witness, and in that
character entered into the recognizance. The legal presumption
is that the recognizance was regularly taken.

Another objection is, that the recognizance contains a require-
ment not authorized by law. The expression " and not depart
without leave of court," is alleged to be illegal, and therefore not
binding on the defendant. It is not to be questioned, that such a
recognizance must follow the requirement of the law or it is nuga-
tory. But there is nothing restrictive in the terms of the statute
on this subject, nor is the form of the recognizance given. Wheth-
er the recognizance in question comes within the scope of the stat-
ute, must depend upon general principles. It is a sound rule of
construction, that, whenever a power is given by statute in general
terms, it is to be presumed that the power is intended to be per-
fect, and to include every thing necessary for the complete exer-

RUTLAND,
July,
1835.
Treasurer
vs.
Woodward

cise of the power in effecting the purpose in view. A different rule would derange at once the whole machinery of our jurisprudence. If indeed the particular mode of exercising the power, in any and every supposable case, must be particularly defined, our statutory provisions must be inconveniently prolix, and, what is worse, in many cases which would arise, inapplicable and unavailing. Magistrates are required to bind over offenders for trial, and also to bind over witnesses to appear and give testimony on the trial. The object of these statutory provisions is obvious. It is, in one case, to secure a responsibility to the violated law of the land, and in the other, to secure to the public the evidence necessary to the due enforcement of that law. A recognizance in either case *to appear* simply, if the term is to be strictly construed, would be of no avail. The only way in which such a recognizance could be made to effect the purpose intended by the Legislature, is to construe the term in its most extended sense, and as requiring the appearance of the party, at any and at all times, when, in the course of the proceeding, it could be legally required. If such construction is adopted in this case, the clause objected to becomes unimportant, and the recognizance without it imports all for which the prosecution contends. It becomes necessary, in order to lay a foundation for the objection, to understand the term *appears* in its most limited sense, and to hold it satisfied by a single appearance for the professed purpose of trial, although a trial might in the end be evaded. Adopting this construction, the defendant's counsel insist, that any attempt on the part of the magistrate, to give to the recognizance any further operation, by means of an additional clause, is unauthorized and illegal. Were we to adopt this opinion we should at once render the statute idle and nugatory. Of what purpose is it to require the appearance of the party or the witness unless the one can be holden to trial or the other to give evidence? We cannot suppose that the legislature, with a single and rational object in view, intended their enactment to be so understood as to defeat their manifest purpose. Such a result is indeed sometimes brought about, by unskilful legislation, and by means of positive enactments. But it is a new doctrine that courts of justice are to lose sight of the legitimate purpose of a law, or, by forced and unreasonable construction, defeat the manifest purpose of the legislature. We are of opinion, that it is not only within the power, but the duty of the magistrate, so to take the recognizances, as to secure the attendance of the party, or the witness, as the case may be, until the proceeding is either finished, in the usual course, or disposed of by a legal disposition.

It follows that the expression, "and not depart," &c. is a material part of the condition. How long is it obligatory upon the party? To this question there is but one answer. It is obligatory until the purpose of the recognizance is answered. If he can be required to attend one minute, he can be required to attend so long as his attendance is necessary to the purposes of justice. Of this the court are to judge. The result is that the recognizance remains in force until discharged by order of court, or by some legal disposition of the prosecution the proceeding is at an end. This is the obvious import of the condition, and the only rational meaning that can be given to it.

It is argued that the recognizance expires with the term to which it is returnable. It is difficult to discover how, in the absence of any statutory provision, this can be made out. It would not expire of itself until its purpose is answered. It was certainly the duty of the defendant to take notice at his peril of the proceedings in the cause, and if it be continued, to take notice that it is so with all its incidents. In short it is his duty so see that the purpose for which he is called into court is effected before he takes it upon him to decline further attendance. This rule is plain and simple, and if witnesses once understand it, they can find no difficulty or embarrassment in regard to their duty.

As to the supposition, that notice to the defendant was necessary before his recognizance was forfeited, we consider it a matter resting in the comity of the attorney, or, at most, in the discretion of the court; but not a matter of right in the defendant.

The circumstance that the respondent did not appear at the time, if of any importance in the case, is proper to be considered, when we are called upon to exercise our chancery powers in reducing the recognizance.

The judgment of the county court is affirmed.