WashihgtoN, Justice,
 

 delivered the opinion of the court; and after stating the case, proceeded as follows: — Whether the replevin-bond entered into by A. Sneed, in the clerk’s office of the Franklin circuit court, could be pleaded in bar of the action on the appeal-bond, is a question which this court would feel no hesitation in deciding, could we have succeeded in our efforts to obtain the act or acts of the Kentucky legislature which authorized the giving such bonds. The same reason prevents this court from giving an opinion as to the alleged insufficiency of the first
 
 *306
 
 plea, in not setting forth where the replevin-bond, so pleaded, was executed, that the court might judge whether there was any authority for taking the same. If the cause turned exclusively upon those points, we should deem a continuance of it proper, until the counsel could have an opportunity of furnishing the court with those laws. This, we think, is not the case ; being °Pinion> that, for the other cause of demurrer *assigned to the first plea, the judgment of the court below, upon that plea, was correct. In this case, no
 
 profert
 
 was made, in the declaration, of the records therein mentioned, nor would it have been proper to do so. And even if a
 
 profert
 
 be unnecessarily or improperly made, still, the defendant is not entitled to demand
 
 oyer
 
 of the instrument, but is bound to plead, without it. We take the law to be, that
 
 oyer
 
 is not demandable of a record ; nor in an action upon a bond, for performance of covenants in another deed, can
 
 oyer
 
 of such deed be craved, but the defendant, and not the plaintiff:, must show it, or the counterpart, with a
 
 profert
 
 of it, or an excuse for the omission. If
 
 oyer
 
 be improperly demanded, and the instrument be stated upon it, although the defect in the plea would be aided on a general demurrer, it is, nevertheless, fatal to the plea, where it is set forth as a cause of demurrer, The whole of this doctrine is laid down in 1 Chit. Pl. 302 (3d Am. ed.).
 

 As to the plea of
 
 nil
 
 debet, to which there is a demurrer, it is clearly bad, no principle of law being better settled, than that this is an improper plea to an action of debt upon a specialty or deed, where it is the foundation of the action.
 

 This brings the court to the consideration of the instructions given to the jury upon the application of the plaintiffs’ counsel; and we are of opinion, that the act referred to was strictly applicable to this case, in like manner as it would have been had this action been brought in a state court ; and ^at, according to the clear expressions *of that act, the plaintiffs were entitled to legal interest on the damages recovered in the Franklin circuit court, from the time of the rendition of that judgment, since it fully appeared, by the record of the court of appeals, that the judgment of the Franklin circuit court was rendered on a contract to pay money. The act declares, in substance, that every judgment rendered after the passage of the act, founded upon contract, sealed or unsealed, expressed or implied, for the payment of money, &c., which should be delayed in the execution, by proceedings on the part of the defendant, by injunction, writ of error, &c., with a
 
 supersedeas,
 
 or an appeal to the court of appeals, should, in the event of the judgment being aifirmed, bear legal interest from the rendition of the judgment, &c. The last part of the section, which declares it to be the duty of the clerk of the court in which the judgment was rendered, to indorse on the execution, that the same is to bear legal interest until paid, is strictly applicable to the remedy, and not to the right. The latter is given by the preceding parts of the act; but it can only be enforced, where the plaintiff proceeds by execution, by virtue of the indorsement on that process, which it is the duty of the clerk to make.
 

 The court is also of opinion, that the court below was right in refusing to give the first instruction asked for by the defendants’ counsel, inasmuch as the breaches assigned do, in our apprehension, manifestly embrace the ten per cent. *damages given upon affirmance by the court of appeals. And if the above opinion, in respect to the interest to which the
 
 *307
 
 plaintiff was entitled, be correct, it follows, that the court below was right in refusing to give the second instruction asked for by the defendant’s counsel.
 

 Judgment affirmed, with costs.