MEALEY *v.* METROPOLITAN LIFE INS. CO.

*(Circuit Court, D. Rhode Island.* February 26, 1885.)

PRACTICE—MOTION TO FILE INSTRUMENTS PLEADED IN DEFENSE IN CLERK'S OFFICE—PUB. ST. R. I. *c.* 214, § 45.

In an action on a policy of life insurance defendant filed several pleas, setting out that the statements and answers to certain questions contained in the application and medical examination which formed part of the contract of insurance, were untrue, and specifying the particular statements so alleged to be untrue, and making profert of the application and medical examination. Plaintiff moved for an order on defendant to file the application and medical examination in the clerk's office. *Held,* that the motion could not be granted.

Motion for Production and Filing of Certain Papers.

*W. F. Angell* and *C. Bradley,* for plaintiff.

*W. G. Roelker,* for defendant.

CARPENTER, J. This is an action on a policy of life insurance; and the defendant files several pleas setting out that the statements and answers to certain questions contained in the application and medical examination, which form part of the contract of insurance, are untrue, and specifying the particular statements so alleged to be untrue, and making profert of the application and medical examination. The plaintiff now moves for an order on the defendant to file the application and medical examination in the clerk's office. The motion is not properly framed as a demand of oyer, since the order granting oyer would provide only that the plaintiff have a copy of the instrument, and not that the original instrument be put on file. The motion has, however, been argued as though it were a proper demand of oyer, and in that light I have considered it. In the first place, it is to be noted that the plea does not show that the agreement is under seal, and, consequently, profert was unnecessary, and oyer cannot be demanded. The authorities cited by the defendant abundantly sustain this position. 1 Chit. Pl. *430, *431; *Sneed* v. *Wister,* 8 Wheat. 690. Indeed, the order here asked seems to be prohibited by implied exclusion, by the twenty-third law rule for this circuit, which reads as follows:

"Oyer of all specialties declared on may be had on motion at the return term, but not afterwards, unless by special order of court, on affidavit of special cause."

It was, however, the practice of the English courts, and is the practice with us, in cases where oyer is not demandable, but in which the court can see that a knowledge of the instrument in question is proper and necessary for either party, to make an order that he have a copy. But in the practice of the courts of Rhode Island, which is followed by this court, the proceeding to be taken in order to obtain an order of this kind is prescribed by the law of the state in Pub. St. *c.* 214, § 45, which is as follows:

Whenever either party to any proceeding at law or equity in the supreme court, or to any proceeding at law in the court of common pleas, shall set

forth in writing, under oath, upon his knowledge or belief, that the opposite party is in the possession or control of some document to which the applicant is entitled, such court or a justice may order such opposite party, or if the same be a body corporate, then some officer thereof, to make answer on oath at or before a time to be fixed in said order, as to what document he so has relating to the matter in dispute between the parties, or what he knows as to the custody of such document, and if in his possession or control, whether he objects to the production of the same and the grounds of such objection; and thereupon such court or justice may require the production of said document, or may compel the party having the same in his possession or control to allow the applicant to inspect the same, and, if necessary, to take examined copies of the same; and may make such further order thereon as shall be just.

This present motion is not framed in accordance with the statute, and it must be dismissed.