CORNELIA A. WHITE *v.* EDWARD J. HALL.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed November 20, 1916.

*Practice Act—Amendments—Demurrers—Election to Stand on Demurrer after Amendment Allowed—Pleading—Allegation of Facts Necessary to Establish Liability—Pleading Record—Oyer—Debt on Recognizance—Variance—Declaration in Debt on Recognizance—Sufficiency.*

The trial court may, in its discretion, under the Practice Act, (No. 90, Acts 1915, Sec. 18), rid the pleadings of technical objections pending a demurrer.

In an action of debt on recognizance, amendments to the declaration by striking the words "on or about," appearing in the allegation of the time of entering into the recognizance, and by adding to the allegation of the condition of the recognizance after the word "damages" the words "by way of taxable costs," do not introduce a new cause of action.

After amendment of a declaration, to which a demurrer has been filed, the defendant may either renew his demurrer or plead to the merits; but when he does not ask to replead, and makes no objection to the action of the court in proceeding to dispose of the questions left for determination on the demurrer, he will be taken to have elected, by conduct if not by words, to stand on the demurrer already in, and cannot complain that he has been denied the right to replead, under County Court Rule 13.

The Practice Act (No. 90, Acts 1915) does not contemplate the abrogation of all existing rules of pleading, and, while it renders unnecessary merely formal allegations, it requires the statement in a declaration of all facts necessary to establish liability. The common law rules of pleading, in so far as they have not been changed by statute or modified by rules of court are still in force and are to govern in judging the sufficiency of the pleadings.

Under the Practice Act, a pleader, who declares upon a record, is still required to set it forth in substance and according to its legal effect.

In an action of debt upon a recognizance, defendant is not entitled to demand *oyer* of the record, but can be put to plead "there was no such record."

The right to demand *oyer* is not enlarged by County Court Rule 15, § 2.

In an action of debt upon a recognizance, defendant cannot bring the record into the pleadings by reciting it in his demurrer to plaintiff's declaration.

But where, in such a case, *oyer* is craved and given without objection, the record thereby becomes a part of the declaration, and defendant is entitled to make use of it and may demur on account of a variance in a material matter between the record set out in the declaration and that given on *oyer*.

It is of the very essence of the action of debt on recognizance that the obligation results from the record itself, which imparts absolute and complete verity and is vouched as the basis of the claim; and if it does not fully sustain the declaration, the variance is fatal on demurrer.

Where, in an action of debt on recognizance there appears, on demurrer to be a material variance between the record set out in the declaration and that produced by the plaintiff on *oyer*, it is too late for the plaintiff to ask the Supreme Court to correct the record to conform with that set out in the declaration. The plaintiff not having taken steps to have the record corrected below, for the purpose of the hearing in Supreme Court, that given on *oyer* must be taken to be in accordance with the fact.

A demurrer in an action of debt on recognizance, on the ground that it did not appear by the declaration nor by the record produced by plaintiff on *oyer*, that there was a sufficient compliance with P. S. 1763 to charge defendant with liability, amounts to a demurrer for want of facts alleged, and reaches the declaration and not the record.

In a declaration in debt on recognizance, it is not necessary to allege that the recognizance was entered upon the docket. If the defendant's liability is at all dependant upon the clerk's performance of the duty imposed upon him by the statute, the presumption that the clerk has performed this duty relieves the plaintiff from the necessity of alleging the fact in the declaration; for when the law presumes a fact it need not be stated in pleadings.

An allegation, in a declaration in debt on recognizance, that the judgment therein set out as the inducement of the action "has never

been paid, satisfied or otherwise discharged," is a sufficient aver-
ment of that fact.
In a declaration in debt on recognizance it is not necessary to allege
that the judgment remains unpaid.

DEBT on recognizance for costs. Heard on demurrer to the declaration at the December Term, 1915, Bennington County, *Butler*, J., presiding. Demurrer overruled and judgment rendered for plaintiff. Defendant excepted. The opinion states the case.

*Sheldon & Mathers, Batchelder & Bates* and *Edward J. Hall, pro se,* for the defendant.

*Holden & Healey* for the plaintiff.

TAYLOR, J. This is an action of debt on recognizance. The suit was originally brought in a justice's court wherein plaintiff had judgment and defendant appealed. At the June Term, 1915, defendant demurred to the declaration and the court sustained the demurrer. Plaintiff obtained leave to file, and on July 10, 1915, filed, an amended declaration. At the next term defendant prayed *oyer* of the record declared upon. After certified copies had been furnished, defendant was permitted to file a demurrer to the amended declaration and hearing thereon was had. After argument and while the court had the case under advisement, plaintiff asked leave to amend the amended declaration by striking out the words, "on or about," appearing in the allegation of the time when the recognizance was entered into, and by adding to the allegation of the condition of the recognizance after the word "damages" the words, "by way of taxable costs." The court permitted the amendments and at the same sitting overruled defendant's demurrer and rendered judgment in chief for the plaintiff. Defendant excepted to the allowance of the amendments, to the overruling the demurrer and to the judgment.

Defendant insists that it was error to permit plaintiff to amend after hearing on demurrer; that he was entitled to have judgment on the pleadings as they stood at the hearing. Whatever the rule may formerly have been, the court was dealing with the question of the pleadings under the Practice Act which

was then in force and expressly made to apply to pending suits. No. 90, Acts of 1915, §18. By that act, if proposed amendments relate to matters of form, it is required that they be made at any stage of the proceedings when the fault is pointed out; and if they relate to matters of substance, the act provides that they may be made at any stage of the proceedings, under the direction and in the discretion of the court, upon such terms as the court shall impose. *Id.* §§3, 4. The court in its discretion saw fit to rid the pleadings of technical objections by permitting the amendments pending the demurrer, a course fully justified by the Practice Act. The record does not disclose what, if any, terms were imposed and defendant does not complain because of that.

Defendant further objects under this exception that the amendments introduced a new cause of action. It does not appear that this objection was made below; but, if seasonably made, the objection would be unavailing, as it is clear that the amendments did not introduce a new cause of action. See *Patterson's Adm'r* v. *Modern Woodmen of America*, 89 Vt., 305, 95 Atl. 692.

In support of his exception to the judgment defendant contends that the case was not ripe for judgment; that upon the allowance of the amendments he was entitled to replead under county court rule 13 and to be reheard after the pleadings were closed; that the denial of this right was a denial of the right of due process of law in violation of both the state and federal constitutions. So far as appears, he did not ask to replead; and for aught that appears, he may have consented that the case stand for determination on his demurrer and the hearing already had thereon. The court so treated the matter and proceeded without objection to dispose of the questions left for determination on the demurrer. After amendment two courses were open to defendant. He could renew his demurrer, or he could plead to the merits. By conduct, if not by words, he elected to stand on the demurrer already in, with the result that he was cast and judgment in chief went against him.

It remains to consider the exception to the overruling of the demurrer. Several grounds were assigned that are not now relied upon. Only four are argued here. The substance of the first ground was that there was not any record of the recognizance declared upon such as plaintiff has alleged, in so

far as appears by the instrument read to the defendant, and of the eleventh ground that there is a fatal variance between the alleged recognizance set forth in the declaration and the supposed recognizance set forth in the instrument read to the defendant in two specified particulars: (1) That the declaration alleges that "the Hurlburt Brothers, plaintiffs as principals, and this defendant, Edward J. Hall, as surety, before the clerk of said court jointly and severally acknowledged themselves indebted to the plaintiff," etc., whereas the instrument aforesaid sets forth that E. J. Hall "before the clerk of this court recognized," etc. (2) That the declaration alleges that the recognizance declared upon was entered into "on the first day of August, 1906, at Bennington," whereas the instrument aforesaid sets forth that the supposed recognizance was entered into "at the June Term, 1906, of this court at Manchester."

These two grounds of demurrer are aimed at the same defect. The question presented is not whether the recognizance shown by the record is sufficient to create liability on the part of the defendant, but whether there is a fatal variance between the obligation alleged and that shown by the record given on *oyer.*

Plaintiff suggests that the strict common law rules of pleading are abrogated by the Practice Act. It is true that the act confers upon the court large discretionary power over the pleadings in all matters of form, and permits great liberality of amendment in matters of substance. It also provides for simplified pleadings by making a brief and simple statement of the facts relied upon sufficient. But it does not contemplate the abrogation of all existing rules of pleading. While the act renders unnecessary merely formal allegations, it requires the statement of all the facts necessary to establish liability. The common law rules, in so far as they have not been changed by statute or modified, as they doubtless may be, by rules of court (see Practice Act, §10) are still in force and are to govern in judging the sufficiency of the pleadings. Where the pleader declares upon a record he is still required to set it forth in substance and according to its legal effect.

Doubtless defendant was not entitled to demand *oyer* of the record but could have been put to plead "there was no such record." *Story* v. *Kimball,* 6 Vt. 541; *Sneed* v. *Wister,* 8 Wheat. 690, 5 L. ed. 717; 1 Chit. Pl. (13th ed.) 431.

County court rule 15, §2, does not enlarge the right to demand *oyer*. Defendant could not bring the record into the pleadings by merely reciting it in his demurrer, as that might compel plaintiff to accept a declaration which she did not make nor consent to the making. But *oyer* having been cráved and given without objection, the record thereby became part of the declaration and defendant is entitled to make use of it and may demur on account of a variance in a material matter between the record set out in the declaration and that given on *oyer*. *Story* v. *Kimball, supra; Denton et al.* v. *Adams,* 6 Vt. 40; *Cooke* v. *Graham's Adm'r,* 3 Cranch, 229, 2 L. ed. 420; *State* v. *Wilson,* 107 Md. 129, 68 Atl. 609; *Earle* v. *Fidelity, etċ.; Co.* (N. J.) 68 Atl. 1078; 1 Chit. Pl. (13th ed.) 433; *Tidd's Prac.* (9th ed.) 589; Steph. on Pl. 71; 7 Bac. Ab. 631. See, also, *Morrill's Adm'r* v. *Catholic Order of Foresters,* 79 Vt. 479, 65 Atl. 526; *Patterson's Adm'r* v. *Modern Woodmen,* 89 Vt. 305, 312, 95 Atl. 692.

It is of the very essence of the action that the obligation results from the record itself. It imports absolute and complete verity and is vouched as the basis of the claim. If it does not fully sustain the declaration, the variance is fatal on demurrer. *Dimick* v. *Brooks,* 21 Vt. 569, 578. Plaintiff does not seriously contend that there is not a material variance between the record set out in the declaration and that imported on *oyer*. She seeks to avoid the consequences of the variance, which is apparent, with the argument that courts will take notice how records in their own and other courts are made and so will take notice of the well known practice of the clerks in making their records not to write out in full recognizances for costs but to make notes upon their dockets from which the record may be fully extended, if and as occasion requires. This argument would have force if addressed to the trial court on a motion to correct the record. But here we are confronted with what purports to be a record with all that it implies, given by plaintiff on *oyer* as the basis of her claim. It is too late to ask this Court to correct the record to conform to that set out in the declaration. We cannot presume that the trial court ruled on any different state of facts than that disclosed in the pleadings. Plaintiff not having taken steps to have the record corrected below, for the purpose of this hearing that given on *oyer* must

be taken to be in accordance with the fact. *Story* v. *Kimball*, *supra*.

The substance of the fourteenth ground of demurrer is that it does not appear by plaintiff's amended declaration or the record of recognizance produced on *oyer* that there was a sufficient compliance with the provisions of P. S. 1408 to charge defendant with liability. It is claimed (a) that the record does not show that the party required to furnish bail (Hurlburt Brothers) recognized with the defendant as surety as therein required; (b) that the record does not show that the defendant, either as principal or as surety, entered into any undertaking either under that statute or any law of this State, whereby he can be legally held to answer this action; and (c) that it is not averred in the declaration nor shown by the record that the recognizance was entered upon the docket of the cause, as required by P. S. 1408. The reference is evidently to P. S. 1763 which was V. S. 1408.

Defendant's discussion of this ground of demurrer proceeds upon the theory that the question of liability is dependent upon the facts disclosed by the record instead of those alleged in the declaration. To be sure, the record is the proof to which plaintiff must resort to support her declaration on trial; but recovery must be had, if at all, according to the allegations as well as according to the proof. *Douglass & Varnum* v. *Morrisville*, 84 Vt. 302, 307, 79 Atl. 391. The record having been produced on demand of *oyer*, the rules of pleading permitted defendant to demur on the ground of variance; but it does not follow that the record controls the facts alleged in the declaration, for, if so, there would be no variance. This ground amounts to a demurrer for want of facts alleged and reaches the declaration and not the record. The declaration is not challenged on the two first grounds and as to the third it is enough to say that it is not necessary to allege that the recognizance was entered upon the docket. If the defendant's liability is at all dependent upon the clerk's performance of the duty imposed upon him by the statute, the presumption that the clerk has discharged this duty relieves the plaintiff from the necessity of alleging the fact in the declaration; for where the law presumes a fact it need not be stated in pleading. *Clement* v. *Graham*, 78 Vt. 290, 307, 63 Atl. 146, Ann. Cas. 1913 E, 1208; 1 Chit. Pl. (13th ed.) 221; Steph. on Pl. (9th ed.)

358; Ship. on Pl. (2nd ed.) 432; *Askins* v. *Merritt*, 254 Ill. 92, 98 N. E. 256. See *Young* v. *Shaw*, 1 D. Chip. 224; *State Treas.* v. *Woodward*, 7 Vt. 529; *Colony* v. *Maeck*, 8 Vt. 114.

The remaining ground of demurrer is in substance that it is not averred in the declaration that the judgment therein set out as the inducement of this action has not since been reversed or vacated, nor that it is now in force. Referring to this judgment, it is alleged "that said judgment * * * has never been paid, satisfied or otherwise discharged." If plaintiff is required to allege and prove that the judgment in the original cause is still outstanding, this is a sufficient averment of that fact. However, it was held in *Way* v. *Swift*, 12 Vt. 390, 395, an action of debt on recognizance, that an allegation that the judgment remains unpaid was unnecessary; that if the judgment did not remain unsatisfied, it was matter of defence.

*Judgment reversed, demurrer sustained, declaration adjudged insufficient, and cause remanded.*