# In re Hayden L. Waterhouse

[ 212 A.2d 696 ]

June Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed July 23, 1965

*Davis, Martin & Free* for petitioner.

*Maxwell L. Baton* for petitionee.

**Shangraw, J.** This proceeding arises by virtue of an action for alienation tried before the Orleans County Court. In that action the plaintiff, Charles L. Rash, recovered judgment against this petitioner as party defendant. On appeal taken to this Court by the defendant, the judgment entered below was affirmed on February 2, 1965. *Rash* v. *Waterhouse,* 124 Vt. 476, 207 A.2d 130.

The petitioner is confined in the Orleans county jail on a certified execution issued in the above case. He now seeks his release by a writ of habeas corpus.

The Clerk of the General Term of this Court certified the judge-

ment to the Clerk of the Supreme Court for Orleans County on the 17th day of February, 1965. This certification was mailed on the 19th day of February, 1965. According to the docket entries the Clerk of the Supreme Court for Orleans County did not receive such certification until the 26th day of February, 1965. The certified execution under which the petitioner is now confined was issued on March 29, 1965, and served on March 30, 1965.

The petitioner asserts two grounds in support of his petition:

(1) That the execution on which he is confined was improperly issued by the Clerk of the Orleans County Court; and

(2) That the execution was levied on him more than fifteen days from the time of rendering final judgment in the case of Charles L. Rash against him.

12 V.S.A. §2431, as amended in 1959, provides as follows:

"When execution is stayed pending appeal and the judgment of the county court is affirmed by the supreme court, the supreme court shall render judgment for the amount of the county court judgment and interest upon the debt or damages, during such stay of execution, with additional costs; and in such case the clerk of the supreme court for the proper county shall issue the execution."

[1-2] As stated in *Patterson* v. *Smith,* 66 Vt. 633, 635-636, 30 Atl. 2, 3,

"The final judgment of a lower court whose proceedings are brought up for review is not the final judgment in the case." Upon affirmance, the judgment of the County Court becomes the judgment of the Supreme Court and is merged therein. *Snow* v. *Carpenter,* 54 Vt. 17, 21. This Court has previously held that when a levy of execution is stayed by appeal, this Court must issue the execution. *Rich* v. *Holmes,* 104 Vt. 433, 440, 160 Atl. 173, 35 A.L.R. 2d 812.

The petitioner first urges that the execution on which he is committed is invalid and void. He claims that the same was not issued by the Clerk of the Supreme Court for Orleans County, but rather by Bertha V. Miles, as Clerk of the Orleans County Court.

4 V.S.A. §601, provides:

"Each county clerk shall be clerk of the supreme and county court and court of chancery, for the county."

The clerk of a county court, and the clerk of the supreme court for that county are the same person by virtue of the foregoing statute. *State* v. *Brown,* 121 Vt. 459, 462, 160 A.2d 879; *Abbadessa* v. *Tegu,*

121 Vt., 496, 498, 499, 160 A.2d 876. It is admitted that Bertha V. Miles is clerk of the Orleans County Court, and by virtue of her office, is clerk of the Supreme Court for Orleans County.

We now refer to the execution referred to by each party in their briefs, and which is before this court on review.

The execution in question was signed "Bertha V. Miles Clerk" and in part states:

"CREDITOR by the consideration of the County Court held at Newport, within and for the County of Orleans on the Second Tuesday of September, A.D. 1962, recovered Judgment against Hayden L. Waterhouse, of Barton, in the County of Orleans, in the State of Vermont. An appeal was taken by the said Hayden L. Waterhouse to the Supreme Court of the State of Vermont in Montpelier, County of Washington, in the State of Vermont and at the February Term, 1965 and on the 2nd day of February, 1965, the Judgment was Affirmed . . ."

The above quoted recitals in the execution correctly reflects the facts upon which the execution is predicated. We are only called upon to inquire as to whether the execution is good upon its face.

■ In the absence of any proof to the contrary, there is a presumption that public officers have properly discharged the duties of their office and have faithfully performed those matters with which they are charged. 43 Am. Jur., Public Officers §511. In the absence of evidence to the contrary, the clerk in issuing the execution is presumed to have rightfully and duly performed her duty in this respect. *White v. Hall*, 91 Vt. 57, 63, 99 Atl. 274; *In re B. A . Hunt*, 85 Vt. 345, 355, 82 Atl. 178 and cases cited.

Nothing appears in the form, substance or manner of execution, which on its face affects its validity. No evidence is before us to the contrary. We presume, and so hold, that the execution was issued by Bertha V. Miles in her capacity as Clerk of the Supreme Court for Orleans County, all in accordance with the provisions of 12 V.S.A. §2431, as amended. Petitioner's claim that the execution is invalid is not sustained.

Secondly, the petitioner claims that the execution was not served on him within the statutory period following the rendition of final judgment; more particularly, that the execution was levied more than fifteen days from the time of rendering final judgment in the case of Charles L. Rash against him. This brings into consideration the follow-

ing statutory provisions of Title 12 referred to in the briefs of the parties.

## "§ 3671. DISCHARGE OF PRISONER ON MESNE PROCESS NOT COMMITTED AFTER FINAL JUDGMENT.

A person confined in jail on an original attachment in a civil action shall be discharged from custody, if the creditor does not cause him to be committed on execution within fifteen days from the time of rendering final judgment in such action."

## "§ 2681. EXECUTIONS IN SUPREME AND COUNTY COURTS: TIME.

The supreme and county courts may issue executions of final judgments rendered by them, which shall be made returnable within sixty days from the date thereof; but execution shall not issue on a judgment of either of such courts until thirty days after the rendition of final judgment unless by special permission."

## "§ 2687. TIME OF RENDERING JUDGMENT FOR CHARGING PROPERTY OR BAIL.

The day on which the plaintiff is first by law, without leave of the court, entitled to an execution on a judgment rendered in his favor, shall be deemed the time of rendering such judgment so far as relates to holding property attached on mesne process and the charging of a person as bail for delivering up the body of the principal."

The judgment in the case of *Rash* v. *Waterhouse,* supra, was affirmed by this Court on February 2, 1965. Supreme Court Rule 22 in part provides: "Unless otherwise ordered, entry orders made during a term will not be certified down until fifteen days after they are made. Motions for reargument of cases decided during the term shall be filed with the clerk before certification has been made." No motion for reargument was filed and the Clerk of the General Term of the Supreme Court certified the entry "Judgment affirmed" to the Clerk of the Supreme Court for Orleans County on the 17th day of February, 1965. The execution was issued March 29, 1965 and levied upon the petitioner March 30, 1965

Petitioner admits that under 12 V.S.A. §2681, petitionee became entitled to an execution at the expiration of thirty days "after the rendition of final judgment." He claims that 12 V.S.A. §3671, requires the commitment to be made within fifteen days from the time of "rendering final judgment in such action" otherwise he is discharged.

Further, it is the petitioner's view that under 12 V.S.A. §2687, the rendering of judgment for the purpose of charging a person as bail for delivering up the body of the principal means the time when the plaintiff is first entitled to an execution, and that this is the time of rendering final judgment as the words are used in section 3671, supra.

To summarize the petitioner's contentions, it is claimed that the judgment became final on February 2, 1965; that under section 2681, supra, petitionee first became entitled to an execution thirty days after the 2nd day of February, 1965—namely the 4th day of March, 1965; and, since the fifteen day period specified in section 3671, supra, expired on March 19, 1965, the officer had no authority by virtue of the execution dated March 29, 1965 to commit petitioner to jail on March 30, 1965.

■ Section 3671 is not controlling in this case. The requirement under this section that the debtor be committed on execution within fifteen days from the time of rendering final judgment in the action is limited to service on "A person confined in jail on an original attachment in a civil action . . ." The petitioner had never been confined in jail on the original process in this case.

Section 2687 merely relates to the preservation of a lien on property attached, and charging of a person in the capacity as bail. Such is not the present case.

■ Following the entry order of February 2, 1965, the parties were allowed fifteen days under Supreme Court Rule 22 within which to file motions for reargument. The case of *Rash v. Waterhouse,* supra, did not pass out of this Court until the expiration of the fifteen day period. At this point the judgment became final. Until then, questions could be brought to the Court's attention that might require changes in the opinion, or a different disposition of the case.

A final judgment is one which puts an end to the suit. *State v. Green Mt. Power Corp.* 113 Vt. 34, 35, 28 A.2d 698; *In Re Estate of Webster,* 117 Vt. 550, 552, 96 A.2d 816; *In Re Whittemore,* 118 Vt. 282, 284, 108 A.2d 406. The general rule is that a judgment is regarded as final if no further questions can come before the Court except such as are necessary to carry the judgment into effect. 30 A Am. Jur., Judgments §122, p. 241.

■ The statute, section 2681, which we hold to be applicable here, fixes the starting point when execution may first issue—that is, not until thirty days after the rendition of final judgment, unless by special

permission. No claim is made that such permission was requested or granted.

Section 2681, supra, in part provides: "The supreme and county courts may issue executions on final judgments rendered by them, which shall be made returnable within sixty days from the date thereof. . . ." The issuance of the execution and commitment of the petitioner was well within the period prescribed by the statute. The claims of the petitioner are not sustained.

*It is adjudged that the petitioner Hayden L. Waterhouse is not illegally deprived of his liberty and he is remanded into the custody of Charles A. Gallup, sheriff and custodian of the Orleans County Jail at Newport, Vermont. The petition is dismissed.*