### Robert and Dorothy TUCKER d/b/a Tucker's Mobile Home Park v. Lorenzo and Karen BUSHWAY

[689 A.2d 426]

No. 95-606

_____

December 10, 1996. Defendant tenants own a mobile home located on a lot in a mobile home park owned by plaintiff landlords. Landlords served a notice of termination of tenancy on defendants alleging various violations of the rental agreement, including nonpayment of rent. When tenants did not vacate the premises by the effective date of the notice, landlords brought an action for eviction. On October 18, 1995, the trial court entered judgment for landlords, ordering tenants to deliver possession of the premises and to pay back rent of $1,465.00. On November 17, 1995, tenants paid all rent due plus interest. Tenants then moved for discontinuance of the action pursuant to 12 V.S.A. § 4773. The trial court denied the tenants' motion for discontinuance. We reverse.

_____

suggested method for completing its form, without more, is insufficient to bring the records within the exception.

An action for ejectment shall be discontinued if the defendant pays into court the rental payments in arrears, with interest and the costs of suit, "[b]efore final judgment." 12 V.S.A. § 4773. Landlords contend that the date of final judgment was October 18, 1995, because the order issued by the trial court on that date was appealable. Landlords cite to various cases for the proposition that a decision is final if it is appealable. See *Titus v. Titus*, 128 Vt. 444, 444, 266 A.2d 432, 433 (1970); *Beam v. Fish*, 105 Vt. 96, 97-98, 163 A. 591, 592 (1933). Thus, landlords argue that tenants, who paid the rental arrears on November 17, failed to make payment before final judgment.

We conclude, however, that the term "final judgment" may assume different meanings depending on the context in which it is used. Compare *In re Waterhouse*, 125 Vt. 202, 206, 212 A.2d 696, 699 (1965) (for purpose of levying execution of judgment, date of final judgment is the date judgment was affirmed on appeal) with *Woodard v. Porter Hosp., Inc.*, 125 Vt. 264, 265, 214 A.2d 67, 69-70 (1965) (for purpose of taking appeal, date of final judgment is date on which court issues decree that settles rights of parties). Because the cases cited by landlords deal with the ability to take an appeal rather than application of 12 V.S.A. § 4773, they are not determinative of the instant case.

We must construe § 4773 in light of its purpose and to avoid an irrational result. See *Santi v. Roxbury Town Sch. Dist.*, 165 Vt. 476, 481, 685 A.2d 301, 304 (1996). The main problem with landlords' argument is that it requires the tenant to know the amount to be paid before the court determines what the tenant owes. We also note that to give relief, the court's judgment must be followed by a writ of possession. See 12 V.S.A. § 4854. Once the landlord obtains a writ of possession, it would be irrational to allow the tenant to regain entry to the property. We there-

fore hold that a judgment for possession is not final for purposes of § 4773 until the earlier of (a) the date of the issuance of the writ of possession, or (b) the date by which a notice of appeal must be filed. Tenants in this case tendered the rent before the judgment became final and before a writ of possession was issued. Pursuant to 12 V.S.A. § 4773, tenants were therefore entitled to have the eviction action discontinued.

*Reversed.*