**James MURRAY v. Mary Louise WILLIAMS**

[740 A.2d 791]

No. 98-492

August 2, 1999. Defendant Mary Louise Williams appeals the Chittenden Superior Court's judgment of ejectment in favor of plaintiff James Murray. On appeal, defendant argues that the stipulation signed by both parties providing that defendant pay $677 in unpaid rent and vacate the premises by September 30, 1998, was not a waiver of her right to redeem the tenancy. We affirm.

Defendant rents an apartment from plaintiff in South Burlington. In June 1998, plaintiff filed an ejectment proceeding against defendant as a result of an $875 rental arrearage. On September 4, the parties, both of whom were represented by counsel, entered into a stipulation of settlement which provided in part (1) for a judgment of rent due to plaintiff in the amount of $677 (2) that plaintiff waive any other claims for rent, costs, interests and fees, and (3) that defendant vacate the South Burlington premises by September 30, 1998, and if she did not do so, that a writ of possession issue at any time on or after October 1, 1998. The court entered judgment based on the provisions in the stipulation.

On September 28, defendant tendered payment of $677 as required under the stipulation and judgment order. At the same time, she filed a motion for discontinuance of the ejectment and for redemption of the tenancy. She argued that she paid the rental arrearage before a writ of possession issued and, "[n]ow that defendant has paid the full amount conclusively determined as owing, the ejectment action must be discontinued and defendant's tenancy redeemed." The court denied the motion, ruling that defendant negotiated an agreement and "should now live with it." The court acknowledged the law in Vermont which provides the right to pay a rental arrearage and redeem tenancy until the issuance of a final judgment, see 12 V.S.A. § 4773, but held that defendant agreed to vacate the premises by a date certain and that the agreement must be held to be an implied waiver of the statutory right to redeem. A writ of possession issued on October 6, in response to which defendant filed a motion to quash the writ. The motion was denied, but the court, in response to defendant's subsequent request, granted a stay of the writ of possession pending this appeal.

On appeal defendant argues that, where a property interest is involved, a waiver must be voluntary, knowing, and intelligent. She argues that the stipulation did not waive her statutory right to redeem. To the contrary, she contends her conduct reveals she understood the stipulation to allow her to pay $677 by September 30 and remain in her apartment. Defendant asserts that if plaintiff intended that the stipulation relinquish her right of redemption, a provision explicitly waiving her right to redeem should have been included in the agreement. She argues that consistent with *Tucker v. Bushway*, 166 Vt. 592, 689 A.2d 426 (1996) (mem.), holding that even where there is a judgment of ejectment for nonpayment of rent after a contested judicial hearing,

the tenant has the right to preserve the tenancy by complying with 12 V.S.A. § 4773. Defendant also argues that when 12 V.S.A. § 4773 is read in pari materia with the Landlord and Tenant Act, 9 V.S.A. §§ 4451-4468, a waiver of the right to redeem should be unenforceable. See *id.* § 4454 ("No rental agreement shall contain any provision which attempts to circumvent or circumvents obligations and remedies established by this chapter . . . .").

Section 4773 provides in part that before final judgment, if the defendant in an ejectment action "pays into court the rent in arrear with interest and the costs of suit, such action shall be discontinued." 12 V.S.A. § 4773. In the instant case, plaintiff and defendant entered into a stipulation that defendant pay plaintiff $677 by September 30. The stipulation of settlement provides in part:

> 1. The plaintiff shall have a judgment for rent due and owing in the amount of $677.
> 2. The plaintiff waives any other claims for rent, costs, interest and fees.
> 3. Defendant will vacate the premises at 276 White Street in So. Burlington, Vermont by September 30, 1998. If defendant has not vacated by midnight on September 30, 1998, the plaintiff may have a Writ of Possession issued in his favor at any time on or after October 1, 1998.

Defendant argues that the stipulation is not a waiver of her right to redeem and that any ambiguity as to whether she waived the right must be construed in her favor. Although the ultimate question of ambiguity of a contract or stipulation is a question of law, we review the court's consideration of the factual circumstances of stipulated language with the same deference we give to other factual findings; that consideration will not be set aside

unless clearly erroneous. See *Osborn v. Osborn*, 159 Vt. 95, 99, 614 A.2d 390, 393 (1992). Here the court found that the parties intended to stipulate to a compromise judgment that reflected the benefits each sought to obtain.

Defendant's construction would have the stipulation bind plaintiff to accept a lesser amount than was actually owed while allowing defendant the same right to redeem until final judgment as established by statute. The parties negotiated a stipulation which provided each of them with a benefit and required each to forgo a legal remedy. Defendant's interpretation would not require any compromise on her part, yet would provide her with all the benefit. Such a construction is illogical. We disagree with that interpretation and hold that the stipulation unequivocally established an accord and satisfaction between the parties: In exchange for reducing defendant's exposure if plaintiff were to pursue the full amounts due to him, defendant agreed to vacate the premises by a date certain. We discern no ambiguity in the language or meaning of the stipulation.

Defendant argues, however, that she was permitted to redeem the tenancy because the writ of possession had not been issued when she tendered payment, see *Tucker*, 166 Vt. at 592-93, 689 A.2d at 427. In *Tucker* we held that for purposes of § 4773, a judgment of possession is not final — and therefore the tenancy can be redeemed — until the earlier of (a) the date of the issuance of the writ of possession, or (b) the date by which a notice of appeal must be filed. See *id*. No stipulation of settlement was at issue in *Tucker*, however, and therefore our task is not to choose between the two options for determining the date of final judgment. The stipulation is an unambiguous compromise between the parties, relieving defendant of a portion of the rental arrears and costs she owed to plaintiff, and ensuring plaintiff that the premises would be vacated by September 30.

Finally, we disagree with defendant's contention that 9 V.S.A. § 4454, which prohibits landlords and tenants from waiving the obligations imposed on them by the Landlord and Tenant Act, should be construed to prohibit landlords and tenants from waiving the right of redemption. Section 4454 speaks precisely to what it covers — that is, "[n]o rental agreement shall contain any provision which attempts to circumvent or circumvents obligations and remedies established by this chapter . . . ." 9 V.S.A. § 4454. The right to redeem is created by 12 V.S.A. § 4773, a statute that is not in the chapter of Title 9 containing the Landlord and Tenant Act. We will not construe the plain language of the statute prohibiting waivers of the obligations of landlords and tenants to encompass statutory provisions beyond its clearly defined limits.

*Affirmed.*