**Brian D. FORANT, Appellant,**

v.

**Corinne R. (Devenger) BROCHU,
Appellee.**

**Civ. No. 1:04CV269.**

United States District Court,
D. Vermont.

Feb. 17, 2005.

Brian D. Forant, Hardwick, VT, for appellant.

Corinne R. Devenger, Hardwick, VT, for appellee.

## MEMORANDUM OF DECISION

MURTHA, District Judge.

Although the purported errors on appeal are somewhat difficult to discern from the *pro se* pleadings, the central issues in this adversary proceeding, as framed by the Bankruptcy Court (Colleen A. Brown, B.J.) are: (1) whether Brian Forant's 401k retirement account and a 75% portion of his Vermont Municipal Employee's Retirement Account (hereinafter "VMERA") are part of his bankruptcy estate; and, (2) if so, whether his discharge pursuant to 11 U.S.C. § 523(a)(15) excepts his obligation to transfer those accounts to his former wife pursuant to a family court final divorce decree. *See* Memorandum of Decision Granting Anew the Plaintiff's Motion for Summary Judgment (Bankr.D.Vt. Aug. 27, 2004) (hereinafter "Summary Judgment Decision") at 2.

The Bankruptcy Court found, *inter alia,* under the circumstances presented in this case, Corinne (Devenger) Brochu was the owner of the retirement accounts prior to Forant's filing for bankruptcy protection and, therefore, the accounts were not subject to discharge. For the reasons set forth below, the ruling of the Bankruptcy Court is AFFIRMED.

■ The District Court has jurisdiction over appeals from final judgments of the Bankruptcy Court. 28 U.S.C. § 158(a). It will not disturb a Bankruptcy Court's findings of fact unless clearly erroneous. *See, e.g., In re Parrotte,* 22 F.3d 472, 474 (2d Cir.1994). Legal determinations, however, are subject to *de novo* review. *Id.; In re Donahue,* 232 B.R. 610, 613 (D.Vt.1999).

The facts underlying this dispute are straightforward and undisputed. Mr. Forant and Ms. Brochu's final divorce decree dated January 23, 2002 transferred 100% of the property rights of Forant's 401K savings plan and 75% of the property rights to the marital portion of his VMERA pension plan to Brochu. On May 8, 2002, Forant filed for bankruptcy relief, and this dispute arose concerning whether these accounts are excepted from discharge. *See generally* Summary Judgment Decision at 3–4.

Under 11 U.S.C. § 523(a)(15), debts incurred "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record" are excepted from the discharge which may otherwise be afforded a debtor. Furthermore, "[it] is a fundamental tenet of bankruptcy law that the 'bankruptcy estate' is comprised of whatever interests, legal and equitable, that a debtor has on the date of the filing of his or her bankruptcy case." *In re M. Hutchins,* 306 B.R. 82, 97 (Bankr.D.Vt.2004).

■ As a result of a valid Vermont divorce decree, and prior to his filing for bankruptcy, Mr. Forant had no interest in the totality of his 401k retirement account and in 75% of his VMERA account. *See Morton v. Nat'l Bank of New York City,* 866 F.2d 561, 564 (2d Cir.1989)(automatic bankruptcy stay does not relieve parties from obligation to comply with non-conflicting state laws). Ms. Brochu's "rights to the distributive award vested upon the entry of the Judgment of Divorce." *In re Greenwald,* 134 B.R. 729, 731 (Bankr. S.D.N.Y.1991). Accordingly, as Judge Brown correctly found, *see* Summary Judgment Decision at 7, these accounts never became part of his bankruptcy estate and therefore could not be subject to discharge.

For substantially the reasons set forth in Judge Brown's Summary Judgment rul-

ing, the decision of the Bankruptcy Court is AFFIRMED.

SO ORDERED.