Trillium Holdings LLC v. Buchanan et. al., No. 360-6-13 Wrcv (Teachout, J., Sept. 12, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 360-6-13 Wrcv** |

**TRILLIUM HOLDINGS LLC,**
        **Plaintiff,**

**v.**

**AMANDA BUCHANAN and**
**JUSTIN HAGGARD,**
        **Defendants.**

### DECISION
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the court on Defendants' Motion for Summary Judgment, filed July 18, 2013.

### FACTS

Trillium Holdings LLC ("Plaintiff") owns real property located at 120 Main Street, Springfield, Vermont (the "Property"). The Property includes several apartments which Plaintiff rents out, including Apartment 5, which Plaintiff rented to Amanda Buchanan and Justin Haggard ("Defendants"). Defendants owed Plaintiff $850.00 per month as rent for the apartment.

On May 8, 2013, after Defendants had failed to make their required rental payments, Plaintiff delivered a notice of termination to Defendants by placing the notice on Defendants' table. At the time, Defendants were not in their apartment. They were staying in Pittsford, Vermont, where they remained until May 17, 2013. Defendants did not learn of the notice of termination until that date. The notice of termination listed May 24, 2013 as the date the termination would become effective.

On June 11, 2013, Plaintiff filed the complaint in this action seeking payment for unpaid rent, other incidental costs, and possession. Plaintiff moved for payment of rent into court, and a hearing was scheduled for July 3, 2013. Defendants appeared that day and did not challenge the validity of the termination of tenancy through a motion to dismiss. Instead, they voluntarily accepted service of a Rent Escrow Order requiring them to pay $1,388.00 by July 18, 2013 to avoid a writ of possession being issued in favor of Plaintiff.

Defendants filed their answer on July 18, 2013. Their answer included counterclaims alleging that the eviction was retaliatory, Plaintiff had kept the apartment in an unsafe condition, and Plaintiff owed money to Defendants.[1]

Also on July 18, 2013, Defendants moved for summary judgment, claiming that Plaintiff failed to provide actual notice of the termination of Defendants' tenancy on May 8, 2013.[2] According to Defendants, this failure meant that they did not learn of their tenancy's termination until May 17, 2013. Because the notice of termination identified May 24, 2013 as the tenancy's termination date, Defendants argued that they were not provided with the 14 days notice required by 9 V.S.A. § 4467 and that they were therefore entitled to summary judgment. Plaintiff failed to oppose this motion, but on July 20, 2013 filed a motion to amend the complaint asserting that Defendants "were delivered a termination notice via first class mail" on July 19, 2013, which terminated Defendants' tenancy on August 5, 2013. Mot. to Amend Compl. for Ejectment, p. 1.

Defendants did not pay rent as required by the Rent Escrow Order. On July 23, 2013, Plaintiff filed a motion for writ of possession on the grounds that Defendants' failure to comply with the Rent Escrow Order entitled Plaintiff to possession of the apartment. The next day, on July 24, 2013, the court granted Plaintiff's motion and issued a writ of possession in its favor.

ANALYSIS

To prevail on a motion for summary judgment, a movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). In ruling on a motion for summary judgment, the court will take "all allegations made by the nonmoving party as true." *Richart v. Jackson*, 171 Vt. 94, 97 (2000). Here, Plaintiff did not oppose Defendants' motion. Although this reality could make summary judgment more likely, "the failure to respond does not require an automatic summary judgment." *Miller v. Merchants Bank*, 138 Vt. 235, 238 (1980).

In their motion, Defendants argue that they are entitled to summary judgment because Plaintiff failed to provide them with actual notice of the termination of their tenancy at least 14 days before the termination date, as required by 9 V.S.A. § 4467. ("The landlord may terminate a tenancy for nonpayment of rent by providing actual notice to the tenant of the date on which the tenancy will terminate which shall be at least 14 days after the date of the actual notice.") 9 V.S.A. § 4451 defines "actual notice" as "receipt of written notice hand-delivered or mailed to the last known address." 9 V.S.A. § 4451. In this case, Plaintiff delivered the notice of termination by entering Defendants'

---

[1] These counterclaims were eventually dismissed because Defendants failed to pay the requisite fee when filing their answer.

[2] Although Defendants' memorandum of law identified the motion to dismiss standard as applicable to their motion, the motion is better characterized as a motion for summary judgment, which is how it is titled. Accordingly, the court will treat it as a motion for summary judgment.

apartment and leaving it on their table.  Such delivery fails to satisfy the actual notice requirement of 9 V.S.A. § 4467.  *See In re Soon Kwon*, 2011 VT 26, ¶ 18, 189 Vt. 598.

Although Defendants had a valid argument that the notice of termination was not proper, their motion for summary judgment still must be denied because they did not raise it in a timely-filed Motion to Dismiss.  Instead of challenging the notice of termination in a Motion to Dismiss prior to filing an Answer, *see Andrus v. Dunbar,* 2005 VT 48, ¶ 19, 178 Vt. 554, Defendants filed an Answer and Motion for Summary Judgment, and they voluntarily accepted service of the Rent Escrow Order.  *See Neverett v. Towne*, 121 Vt. 447, 457 (1960) (explaining that "the benefit of a statute may be waived").  By accepting service of the Rent Escrow Order on July 3, 2013, Defendants acknowledged that they were required to pay rent to the court by July 18, 2013 and they accepted the consequences that flow from failure to make payment under a Rent Escrow Order.  The order clearly states that if Defendants failed to comply with its terms, the court could issue a writ of possession without further hearing, as provided for in 12 V.S.A. § 4853a (h).

On July 24, 2013, after Defendants failed to make payment under the Rent Escrow Order, the court issued a writ of possession in favor of Plaintiff.  The issuance of this writ ended any dispute over possession of the apartment.  Because Plaintiff is now in possession of the apartment, Defendants' summary judgment motion to obtain possession is moot.  Defendants failed to preserve their claim.  "Once the landlord obtains a writ of possession, it would be irrational to allow the tenant to regain entry to the property." *Tucker v. Bushway*, 166 Vt. 592, 592 (1996).  Accordingly, Defendants' motion for summary judgment is denied.

<u>ORDER</u>

Defendants' Motion for Summary Judgment is hereby DENIED.  The court will schedule a final hearing on Plaintiff's claim for a monetary judgment.

Dated at Woodstock, Vermont, this ___ day of September, 2013.

 

Honorable Mary Miles Teachout
Presiding Judge
Windsor Superior Court

3