**In re Laura Ann STOLTZ.**

**Laura Ann Stoltz,**

v.

**Brattleboro Housing Authority.**

No. Civ. 1:98–CV–225.

United States District Court,
D. Vermont.

Oct. 1, 1998.

Geoffry F. Walsh, Vermont Legal Aid, Inc., Springfield, VT, for appellant.

Rebecca A. Rice, Rutland, VT, for appellee.

## MEMORANDUM OF DECISION

MURTHA, Chief Judge.

### Background

The District Court has jurisdiction over appeals from final judgments of the Bankruptcy Court. *See* 28 U.S.C. § 158(a). A district court will not disturb a bankruptcy court's findings of fact unless clearly erroneous. *In re Parrotte,* 22 F.3d 472, 474 (2d Cir.1994). However, legal determinations are subject to *de novo* review. *Id.; accord In re Best Products, Co., Inc.,* 68 F.3d 26, 29 (2d Cir.1995).

The facts are undisputed. The debtor and her family live in an apartment owned and operated by the Brattleboro Housing Authority (hereinafter "the Housing Authority"), an entity which offers federally-funded public housing in Brattleboro, Vermont. On August 1, 1996, the debtor and the Housing Authority entered into a month-to-month lease under which the debtor agreed to pay $560 per month rent. The lease further provided for automatic renewal of the lease each month if the debtor, *inter alia,* paid the rent in advance of the first day of each month.

On or about August 5, 1997, the Housing Authority informed the debtor of its intention to terminate her lease for non-payment of rent. The Housing Authority gave the debtor until September 1, 1997 to redeem and reinstate the lease by paying all back rent.

When the debtor failed to redeem, the Housing Authority initiated eviction proceedings in Windham Superior Court. On December 23, 1997, the Superior Court granted the Housing Authority a judgment for possession and costs in the amount of $4,838.73. The writ of possession was to be issued on December 31, 1997.

On December 26, 1997, the debtor filed a petition for relief under Chapter 13. In

the plan, the debtor proposed to assume the lease with the Housing Authority and to pay all back rent.

The Housing Authority objected to the proposed assumption of the lease. On May 13, 1998, United States Bankruptcy Judge Francis G. Conrad denied the debtor's motion to assume the lease.

Generally, under the Bankruptcy Code, the trustee may assume an unexpired residential real property lease. *See* 11 U.S.C. § 365(d)(2). However, in this case, Judge Conrad explained:

> Creditor's December 23, 1997 judgment against Debtor includes $3,446 in unpaid rent. This judgment ended the lease. Accordingly, we hold that the lease expired according to its own terms when payment was not made. Tenant, however, may retain the right to discontinue the eviction proceeding in State Court by depositing the full amount of the default into court in accordance with Vermont law, but is precluded from assuming the lease under § 365(d)(2).
>
> Confirmation of Debtor's plan, having as its sole purpose assumption of the residential real property lease, is denied as submitted. Her goal thwarted, Creditor's motions for relief from stay are granted because neither Debtor nor co-debtor have any equity in the leased property, and the property is not necessary to an effective reorganization.

*In re Laura Ann Stoltz*, 220 B.R. 552, 556 (Bankr.D.Vt.1998).

### Discussion

The debtor has appealed Judge Conrad's determination that her public housing lease is unassumable under 11 U.S.C. § 365(d)(2) because it had expired. Section 365(d)(2) provides:

> In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

■ Thus, only an "unexpired" lease may be assumed. The issue before the Court is whether the Bankruptcy Court erred when it concluded that this debtor was unable to assume her lease with the Housing Authority because the lease had expired prior to the date she filed her bankruptcy petition. Because this Court finds the Bankruptcy Court's conclusion is erroneous as a matter of law, the judgment of the Bankruptcy Court is reversed.

■ The Bankruptcy Court seems to have equated the Housing Authority's "termination" of the debtor's lease with its "expiration" as that term is contemplated under the Bankruptcy Code. When residential leases are involved, "termination" and "expiration" are distinct concepts. *See Ross v. Metropolitan Dade County*, 142 B.R. 1013, 1014–15 (S.D.Fla.1992), *aff'd mem.*, 987 F.2d 774 (11th Cir.1993). The Bankruptcy Code does not define "unexpired." Accordingly, "courts have looked to state law, not to determine the point at which a residential lease is considered to be terminated, but to determine the point at which the tenant's leasehold interest, including actual possessory interest, is finally and conclusively extinguished, so that there is nothing to assume at the time the petition is filed." *In re DiCamillo*, 206 B.R. 64, 68 (Bankr.D.N.J.1997).

Here, Judge Conrad construed Vermont law as indicating a tenant's right to possession of leased residential property "is finally extinguished upon issuance of the writ [of possession]." 220 B.R. at 554. In part, he relied on his recent decision in *In re Couture*, 202 B.R. 837 (Bankr.D.Vt.1996).

In *In re Couture*, two Chapter 7 debtors sought to discharge pre-petition rent owed to the Burlington Housing Authority and to continue in their public housing tenan-

cies. Finding the debtors retained no protected interest in their residences because their leases had been terminated pre-petition under the terms of a settlement agreement entered between the parties, the Bankruptcy Court granted the Burlington Housing Authority's request for relief from the automatic stay. 202 B.R. at 845. As a result the Burlington Housing Authority evicted the debtors.

On appeal, Judge William K. Sessions III reversed the decision of the Bankruptcy Court and ordered the Burlington Housing Authority restore the debtors to their public housing tenancies. *Couture v. Burlington Housing Authority,* Corrected Opinion and Order, Docket Nos. 2:97CV127 and 2:97CV128, slip op. at 17 (D.Vt. July 27, 1998). Finding it unnecessary to reach the question of whether the debtors' status as public housing tenants provided them an "extra layer of equitable protection," Judge Session explained:

The Court finds that the Bankruptcy Court erred in finding that the parties' settlement agreement terminated the Coutures' lease, leaving them only with a right to reinstate the lease when the back rent that they owed was fully paid. While it is true that the first term of the settlement agreement states that the Coutures "admit their lease had been legally terminated by BHA for non-payment of rent," the remaining terms clearly establish a month-to-month tenancy spelling out a payment schedule for payment of current rent and rent in arrears. Appellants' Appendix, Doc. No. 1.

The harder question presented is whether the Vermont Supreme Court would find the Chittenden Superior Court's issuance of a writ of possession on March 19, 1996, and the subsequent service of that writ on March 12st, terminated the Coutures' month-to-month tenancy before their bankruptcy filings on March 27th. In this Court's view, the Vermont Supreme Court would find that the Coutures retained a possessory

interest in their apartment until the execution—not the issuance or service—of the writ of possession.

.　　.　　.　　.　　.

As applied to the facts of the instant case, the Court finds that [Vermont] decisions indicate that the Vermont Supreme Court would affirm a lower court decision that allowed the Coutures to avoid eviction by paying the rental arrearage (plus interest and costs) even after the writ of possession was issued and served. While the Coutures could not regain entry to their Franklin Square apartment by paying the arrearage after the writ of possession was executed, they retained the ability to cure the default until their eviction. This court finds, therefore, by reference to Vermont law, that the Coutures retained a possessory interest in their apartment at the time of their bankruptcy filing.

Slip op. at 8–11 (emphasis omitted).

Similarly, in *Vermont Tenants, Inc. v. Vermont Housing Finance Agency,* Ruling on Motions to Dismiss, Civil No. 1:98CV30 (D.Vt. May 28, 1998), this Court predicted that, if confronted with the issue, the Vermont Supreme Court would find plaintiffs who unknowingly establish residence in a property after commencement of a foreclosure action but before the issuance of a writ of possession have a property interest in their residence which is subject to due process protection. This Court opined:

The fact that the plaintiffs ultimately have no legal right to stay in the premises does not mean the defendants are entitled to evict them without reasonable notice. The mortgagees have superior claims to the properties at issue; however, that does not mean the plaintiffs do not have any protected, albeit inferior, interest. *See Scott v. O'Grady,* 760 F.Supp. 1288, 1297 (N.D.Ill.1991), *aff'd,* 975 F.2d 366 (7th Cir.1992), *cert. denied,* 508 U.S. 942, 113 S.Ct. 2421, 124 L.Ed.2d 643 (1993). "Where a possesso-

ry interest is shown, then, it is irrelevant for due process purposes that another party may have superior legal title." *Dunbar Corp. v. Lindsey*, 905 F.2d 754, 760 (4th Cir.1990).

Although the Vermont Supreme Court has not clearly addressed the issue under these circumstances, this Court believes, if confronted with the issue, it would find these plaintiffs have a property interest which is subject to due process protection. Under Vermont law, a tenancy may be created even where a lease agreement is unenforceable. "Entry and occupation under an invalid oral lease creates a tenancy which is either from year to year, from month to month, or strictly at will, depending on the circumstances of the case." *Prescott v. Smits*, 146 Vt. 430, 432, 505 A.2d 1211 (1985). Thus, under Vermont law, the enforceability of a lease is not dispositive of whether a tenant has a possessory interest in a premises.

Slip op. at 8–9.

▮ Accordingly, the Court believes that, under Vermont law, a debtor's lease, while perhaps terminated, is not "expired" for purposes of the application of Chapter 13 until execution of the writ of possession. Until the time the tenant is physically dispossessed, he or she has a right to remain in possession conferred by a lease. *See* 12 V.S.A. § 4773 (Tenant may rehabilitate lease by depositing arrears with the court); *see also Tucker v. Bushway*, 166 Vt. 592, 689 A.2d 426, 427 (1996) ("Once the landlord obtains a writ of possession, it would be irrational to allow the tenant *to regain entry to the property*.") (emphasis added); *Couture v. Burlington Housing Authority*, slip op. at 10 (noting the Vermont Supreme Court's "obvious inclination" to permit a tenant to cure a default even after the issuance of a writ of possession); *cf. In re Talley*, 69 B.R. 219, 225

(Bankr.M.D.Tenn.1986) (Under Tennessee law, lease is not expired until execution of writ by service on tenant.)

"Until the writ of possession is executed and the tenant is removed from the premises, a tenant whether involved in a bankruptcy case or not, has a right to retain possession of her leased housing." *In re Hobbs*, 221 B.R. 892, 894 (Bankr.M.D.Fla. 1997). Under Vermont law, a debtor with a such a possessory interest possesses an unexpired lease which he or she may assume pursuant to Section 365(d)(2). *See In re DiCamillo*, 206 B.R. at 67; *In re Morgan*, 181 B.R. 579, 585 (Bankr. N.D.Ala.1994); *accord 48th Street Steakhouse, Inc. v. Rockefeller Center, Inc.*, 61 B.R. 182, 187 (Bankr.S.D.N.Y.1986) ("The estate is not confined to property owned by the debtor, for a leasehold or a mere possessory interest falls within section 541."), *aff'd*, 77 B.R. 409 (S.D.N.Y.1987), *aff'd*, 835 F.2d 427 (2d Cir.), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988).

### Conclusion

To the extent the Bankruptcy Court denied the debtor's Motion to Assume Lease on the ground that it had expired prepetition, that decision is REVERSED. The instant matter is remanded for further proceedings.[1]

SO ORDERED.

---

1. By this Memorandum of Decision, the Court makes no decision on whether any other grounds support denial of the debtor's Motion to Assume Lease, or whether the debtor's plan should ultimately be confirmed.