KATZMANN, Circuit Judge:
Brattleboro Housing Authority (“BHA”), creditor-appellant, appeals from a judgment of the United States District Court for the District of Vermont (J. Garvin Murtha, Chief Judge), reversing the decision of the United States Bankruptcy Court for the District of Vermont (Francis G. Conrad, Judge) which: (1) denied the motion of Laura Stoltz, debtor-appellee, to assume her residential lease pursuant to 11 U.S.C. § 365(d)(2), and (2) granted BHA’s motions for relief from stay and co-debtor stay pursuant to 11 U.S.C. § 362(d). BHA contends that the district court erred in holding that a debtor who has a possessory interest in leased residential property on the date the debtor files a Chapter 13 bankruptcy petition has an “unexpired” lease that may be assumed under the Bankruptcy Code. For the reasons that follow, we affirm the judgment of the district court and remand to the bankruptcy court for further proceedings consistent with this opinion.
BACKGROUND
Stoltz lives with her children and Shane Farrell, the co-debtor in this case, in an apartment (the “Apartment”) owned and operated by BHA, an entity that offers federally funded public housing in Brattle-boro, Vermont. The lease on the Apartment (the “Lease”) requires Stoltz to pay $560 per month in rent on or before the first day of each month. In addition, section 2 of the Lease provides, in relevant part:
MONTH-TO-MONTH LEASE. The terms of this lease shall commence on August 1, 1996, and shall continue for the remainder of said month of August and for the term of one month thereafter; provided, however, that in the absence of a notice to terminate, ... the term of this lease shall be renewed for successive terms of one (1) calendar month upon payment each month of the rent ... and upon compliance by the Tenant with all the provisions of this [l]ease.
Stoltz failed to pay the rent for July and August 1997. On or about August 5, 1997, BHA sent Stoltz and Farrell a “Notice to Quit/Non-Payment of Rent” (the “Notice”). The Notice advised them that:
[T]he Brattleboro Housing Authority is terminating its Lease Agreement with you effective September 1, 1997 for nonpayment of rent. You may stop the proceedings if you pay the entire amount of arrears shown below on or before September 1, 1997.
When Stoltz did not pay the arrearage by September 1, 1997, BHA initiated eviction proceedings in the Windham Superior Court against her and Farrell. By Order dated December 22, 1997, the Windham Superior Court held that BHA was entitled to recover possession of the Apartment. The Order provided, pursuant to Vermont law, that a Writ of Possession *628 was to be issued on December 31, 1997. See Vt. Stat. Ann. tit. xii, § 4854[1]
On December 26, 1997, after the judgment of possession was entered but before the writ of possession was issued, Stoltz filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Vermont, thereby triggering an automatic stay of the eviction proceedings. See 11 U.S.C. § 362(a).[2] In her bankruptcy plan, she proposed, among other things, to cure the default on her Lease by paying all back rent over a 36-month period beginning in January 1998, and to assume the Lease. On January 14, she filed a motion to assume lease in the bankruptcy court. BHA objected to the motion on various grounds and then moved for relief from automatic stay[3] and co-debtor stay pursuant to 11 U.S.C. § 362(d).[4]
The bankruptcy court denied Stoltz’s motion to assume lease on the ground that the Lease had expired according to its own terms when she fell behind on her rent payments and therefore, no lease existed that could be assumed. See In re Stoltz, 220 B.R. 552, 556 (Bankr.D.Vt.1998). Finding that the sole purpose of Stoltz’s Chapter 13 reorganization plan was the assumption of the Lease, the bankruptcy court also denied Stoltz’s motion to confirm the plan. It then granted BHA’s motions for relief from stay and co-debtor stay because it determined that neither Stoltz nor Farrell had any equity in the leased property and the property was not necessary to an effective reorganization.
The district court conditionally reversed. See Stoltz v. Brattleboro Hous. Auth. (In re Stoltz), 233 B.R. 280, 284 (D.Vt.1998). To the extent that the bankruptcy court denied Stoltz’s motion to assume lease on the ground that the Lease had expired before she filed her Chapter 13 petition, the district court reversed. See id. The district court ruled that while a debtor’s residential lease may be terminated under Vermont law, it is not “expired” for purposes of Chapter 13 until the writ of possession is executed. See id. Where, as here, a debtor continues physically to occupy the leased premises, the debtor possesses an unexpired lease that may be assumed pursuant to 11 U.S.C. § 365(d)(2). See id. However, the district court remanded this case to the bankruptcy court to determine whether alternative bases supported the denial of the motion to assume lease. See id. at 284 & n. 1. To the extent the district court held that the Lease may be assumed, its decision implic *629 itly reversed the lifting of the automatic stay and co-debtor stay by the bankruptcy court. On remand, the bankruptcy court construed the district court’s ruling as a final judgment and adjourned the hearing on the confirmation of Stoltz’s Chapter 13 plan pending the resolution of this appeal.
DISCUSSION
Orders denying relief from automatic stay are final. See FDIC v. Niagara Mohawk Poiuer Corp. (In re Megan-Racine Assocs., Inc.), 102 F.3d 671, 675 (2d Cir.1996); Shimer v. Fugazy (In re Fuga-zy Express, Inc.), 982 F.2d 769, 776 (2d Cir.1992). We have jurisdiction to review such orders on appeal under 28 U.S.C. §§ 158(d) and 1291. See In re Megan-Racine, 102 F.3d at 675 (exercising jurisdiction under § 158(d)); In re Fugazy Express, 982 F.2d at 776 (recognizing jurisdiction under § 1291); Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1283 (2d Cir.1990) (exercising jurisdiction under § 1291). “An order of a district court functioning in its capacity as an appellate court in a bankruptcy case is subject to plenary review.” See, e.g., Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142 (2d Cir.1999). Since the district court’s reversal of the lifting of the automatic stay is contingent on its determination that the Lease was unexpired at the time Stoltz filed for Chapter 13 protection, we have pendent appellate jurisdiction to first consider that ruling.[5]
Section 541 of the Bankruptcy Code, 11 U.S.C. § 541, enumerates the types of property interests that are included in the bankruptcy estate. The estate is defined broadly to include “all legal or equitable interests of the debtor in property as of the commencement of the case.” 11 U.S.C. § 541(a)(1). “[U]nexpired leasehold interests ... constitute property of the bankrupt estate.” See 48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.), 835 F.2d 427, 430 (2d Cir.1987). Subject to court approval and with some exceptions, a Chapter 13 debtor may assume an unexpired lease of residential-real property at any time before the confirmation of a reorganization plan. See 11 U.S.C. § 365(d)(2).[6] Only an “unexpired” lease may be assumed. The term “unexpired” is not defined in the Bankruptcy Code itself or in its legislative history. Instead, because property interests are created and defined by state law, federal courts have looked to state law to determine a debtor’s interests, including leasehold interests, in the bankruptcy estate. See, e.g., Nobelman v. American Sav. Bank, 508 U.S. 324, *630 329, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) (looking to Texas law); In re Williams, 144 F.3d 544, 546 (7th Cir.1998) (looking to Illinois law); City of Valdez v. Waterkist Corp. (In re Waterkist Corp.), 775 F.2d 1089, 1091 (9th Cir:1985) (looking to Alaska law); Gallatin Hous. Auth. v. Talley (In re Talley), 69 B.R. 219, 222-23 (Bankr. M.D.Tenn.1986) (collecting cases relying on state law). Accordingly, we look to Vermont law to determine Stoltz’s interests, if any, in -her month-to-month tenancy.
Under Vermont law, a lease is “a contract between the landlord and the tenant wherein the landlord promises to deliver and maintain the demised premises in habitable condition and the tenant promises to pay rent for such habitable premises.” Hilder v. St. Peter, 144 Vt. 150, 158-59, 478 A.2d 202, 208 (1984). Pursuant to Vermont statute, a landlord seeking to evict .a residential tenant for failing to pay rent must: (1) give notice by certified mail or by having the notice served by a law enforcement officer at least fourteen days prior to the termination date in the notice; (2) wait for the termination date in the notice to pass; (3) obtain a judgment of possession by filing an action of ejectment; (4) obtain a writ of possession; and (5) execute the writ of possession. See Vt. Stat. Ann. tit. ix, § 4467(a); Vt. Stat. Ann. tit. xii, § 4854.
Vermont law also expressly provides for redemption of a residential lease upon default for nonpayment of rent. A defaulting tenant can cause an action of ejectment for nonpayment of rent to be discontinued by paying, before final judgment, the rent in arrears with interest and the costs of suit. See Vt. Stat. Ann. tit. xii, § 4773. The Vermont Supreme Court has explained that “a judgment for possession is not final for purposes of § 4773 until the earlier of (a) the date of the issuance of the writ of possession, or (b) the date by which a notice of appeal must be filed.”[7] Tucker v. Bushway, 166 Vt. 592, 689 A.2d 426, 427 (1996) (holding that tenants of a mobile home park had right to redeem lease by paying all back rent after judgment of possession was entered in favor of landlord). Thus, Vermont law recognizes the right of a tenant to redeem a residential lease by curing a default and to remain in possession of residential property even after the fourth step in the eviction process — issuance of a judgment of possession — is completed, provided the judgment has not become final.
In this case, Stoltz filed her Chapter 13 petition before the writ of possession was issued and before the time to appeal the judgment of possession had expired. Therefore, the judgment of possession against her had not become final as of the date her bankruptcy petition was filed. At that time, she had the right to vacate the judgment of possession by curing the default on rent and paying interest and costs. See Vt. Stat. Ann. tit. xii, § 4773; 11 U.S.C. § 365(b)(1)(A); see also Robinson v. Chicago Hous. Auth., 54 F.3d 316, 321 (7th Cir.1995) (noting that a lease is not considered to be expired for purposes of the Code by a judgment of possession where tenant has power to revive lease under applicable state law). This right was preserved by the granting of the automatic stay under Section 362. Thus, she continues to be in lawful possession of the Apartment.
Our Circuit has not squarely addressed the issue of whether, under applicable state law, a tenant-debtor with a possessory interest in leased residential property has an “unexpired” lease that may be assumed under 11 U.S.C. § 365(d)(2). However, in determining when a< judgment of possession becomes final, the Vermont Supreme Court reasoned that “[o]nce the landlord obtains a writ of possession, it would be irrational to allow the tenant to regain entry to the *631 property.” Tucker, 689 A.2d at 427. By implication, until the landlord obtains • a writ of possession, a tenant who has lost possession may nonetheless regain entry by curing the default. See, e.g., Couture v. Burlington Hous. Auth. (In re Couture), 225 B.R. 58, 63 (D.Vt.1998). We are therefore of the view that under Vermont law, a debtor who retains a possessory interest in a residential tenancy has an “unexpired” lease at least until the writ of possession is issued. On the facts of this case, it is unnecessary to decide whether a lease remains unexpired until the execution of the writ of possession.[8] Cf. id. (finding that Vermont tenant can avoid eviction by paying rental arrearage before execution of writ of possession). Accordingly, we hold that Stoltz possesses an unexpired lease which may be assumed provided she satisfies the requirements of 11 U.S.C. § 365(b)(1) for assuming a lease.[9]
BHA contends that the district court’s holding is inconsistent with the plain language of the Lease. It argues that pursuant to section 2 of the Lease, the Lease had expired by its own terms when Stoltz failed to pay rent for July and August 1997, before she filed her Chapter 13 petition. However, section 2 of the Lease specifies that “in the absence of a notice to terminate,” the Lease shall be renewed for successive one-month terms upon payment each month of rent. Consistent with statutory requirements for termination of a tenancy under Vermont law, see Vt. Stat. Ann. tit. ix, § 4467(e) (minimum 30-day notice required . to terminate written month-to-month lease), section 2 of the Lease offers BHA the option to terminate in the event of nonpayment of rent by giving notice to the tenant. However, section 2 does not by its terms mean that the Lease automatically “expires” if rent is not timely paid.
We have considered all of BHA’s other arguments and find them to be without merit. Therefore, the judgment of the district court is affirmed. We remand this case to the bankruptcy court to determine whether Stoltz’s motion to assume lease should be denied on other grounds. If, on remand, the bankruptcy court finds that such alternative grounds exist, BHA may, of course, renew its motions for relief from stay and co-debtor stay.
CONCLUSION
For the reasons explained above, we affirm the judgment of the district court, and we remand for further proceedings consistent with this opinion.

. Section 4854 provides:
If the court finds that the plaintiff is entitled to possession of the premises the plaintiff shall have judgment for the possession thereof and for rents not exceeding $5,000.00 with costs. A writ of possession shall issue accordingly; or if the court has entered judgment for the plaintiff on default or on a motion for summary judgment, the writ of possession shall be issued ten days after the date judgment is entered, unless the court for good cause orders a stay. The writ shall direct the sheriff of the county in which the property or a portion thereof is located to serve the writ upon the defendant and, no sooner than five days after the writ is served, to put the plaintiff into possession.
Vt. Stat. Ann. tit. xii, § 4854.

. Section 362(a) provides that a Chapter 13 petition operates as a stay of, among other ' things, “any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.” 11 U.S.C. § 362(a)(3).

. Farrell has not filed for bankruptcy protection under the Bankruptcy ■ Code. However, because he is. a resident at the Apartment, the automatic stay created by Stoltz's Chapter 13 petition protects him as well.

. Section 362(d) provides, in relevant part:
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ...
(1) for cause, ...;
(2) with respect to a stay of an act against property under subsection (a) of this section, if—
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d).

. Stoltz correctly argued that the district court’s reversal of her motion to assume lease was not a final order that is generally reviewable by this Court. See Dicola v. American Steamship Owners Mut. Protection & Indemn. Ass'n, Inc. (In re Prudential Lines, Inc.), 59 F.3d 327, 331 (2d Cir.1995) (an order is final in the bankruptcy context if it "completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief.”) (internal quotation marks omitted). The district court remanded the motion to assume lease to the bankruptcy court to determine whether alternative grounds exist to deny the motion. Therefore, it did not resolve the question of proper relief. However, because the motion for relief from stay is inextricably intertwined with the motion to assume lease, this Court has pendent appellate jurisdiction to review the latter issue. See, e.g., Davidson v. Chestnut, 193 F.3d 144, 151 (2d Cir.1999); Hart Envtl. Management Corp. v. Sanshoe Worldwide Corp. (In re Sanshoe Worldwide Corp.), 993 F.2d 300, 304 (2d Cir.1993); see also Swint v. Chambers [1] County Comm’n, 514 U.S. 35, 50-51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995).

. Subsection 365(d)(2) provides, in relevant part:
In a case under chapter 9, 11, 12, or 13 of [title 11], the trustee [or debtor] may assume or reject an ... unexpired lease of residential real property ... of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such ... lease, may order the trustee [or debtor] to determine within a specified period of time whether to assume or reject such ... lease.
11 U.S.C. §. 365(d)(2).

. Under Vermont law, the deadline for filing a notice of appeal of a judgment of possession is 30 days after entry of the judgment or order appealed from. See Vt. R.App. P. 4.

. Similarly, we need not decide whether a public housing tenant is entitled to greater protection from eviction under the Bankruptcy Code.

. Subsection 365(b)(1) provides, in relevant part:
If there has been a default in an ... unexpired lease of the debtor, the trustee [or debtor] may not assume such ... lease unless, at the time of assumption of such ... lease, the trustee [or debtor]—
(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
(B) compensates, or provides adequate assurance that the trustee [or debtor] will promptly compensate, a party other than the debtor to such ... lease, for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such ... lease.
11 U.S.C. § 365(b)(1).