11-1773-bk
In re: Association of Graphic Communications, Inc.
Super Nova 330 LLC v. Ian J. Gazes

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: April 30, 2012          Decided: August 2, 2012)

Docket No. 11-1773-bk

---

SUPER NOVA 330 LLC,

*Plaintiff-Appellant,*

– v. –

IAN J. GAZES,

*Defendant-Appellee.*

---

Before: CALABRESI, RAGGI, and CHIN, *Circuit Judges.*

Super Nova 330 LLC appeals from a judgment of the District Court (Sweet, *J.*), affirming a judgment of the Bankruptcy Court (Lifland, *J.*), denying a claim, pursuant to Section 365(d)(3) of the Bankruptcy Code, for recovery of post-petition rent, attorneys' fees, and interest. We VACATE the judgment of the District Court and REMAND the case to the District Court with instructions to remand to the Bankruptcy Court for further proceedings consistent with this opinion.

JAY B. ITKOWITZ, Itkowitz & Harwood (Simon W. Reiff, *on the brief*), New York, N.Y., *for Plaintiff-Appellant.*

IAN J. GAZES, Gazes LLC, New York, N.Y., *for Defendant-Appellee.*

---

1

CALABRESI, *Circuit Judge*:

Super Nova 330 LLC ("Super Nova") rented commercial property to Association of Graphic Communications, Inc. ("AGC") pursuant to a lease agreement set to expire on February 28, 2007. In 2006, AGC stopped making rent payments and Super Nova obtained a warrant of eviction in New York City Civil Court. On February 2, 2007, before Super Nova could execute the warrant, AGC filed for Chapter 7 bankruptcy protection and the resulting automatic stay halted Super Nova's eviction efforts. Super Nova successfully moved to lift the automatic stay and eventually executed the warrant on April 24, 2007. Almost two years later, Super Nova moved, pursuant to Section 365(d)(3) of the Bankruptcy Code, to recover post-petition rent, attorneys' fees, and interest for the period between the Chapter 7 filing date and the date the warrant of eviction was executed. The Bankruptcy Court denied the motion, concluding that the pre-petition issuance of the warrant of eviction terminated the landlord-tenant relationship such that there was no "unexpired" lease, the presence of which is necessary to obtain administrative expenses under Section 365(d)(3). The District Court affirmed for substantially the same reasons. We now VACATE the judgment of the District Court and REMAND the case to the District Court with instructions to remand to the Bankruptcy Court for further proceedings consistent with this opinion.

## I. BACKGROUND

Super Nova is the landlord of a commercial building located at 770 Seventh Avenue, New York, New York. Prior to the dispute giving rise to this lawsuit, AGC was Super Nova's tenant, occupying a portion of the ninth floor of the Seventh Avenue building. The parties' landlord-tenant relationship was governed by a non-residential lease agreement,

2

dated February 10, 1992, between Four Star Holding Company ℅ David Yagoda (Super Nova's predecessor-in-interest) and Association of the Graphic Arts, Inc. (AGC's predecessor-in-interest), which subsequently was extended on February 11, 2002 and set to expire on February 28, 2007. Sometime in the summer or fall of 2006, AGC ceased business operations and stopped making rent payments. Super Nova first made informal requests for payment, followed by a formal rent demand on October 13, 2006. When those requests went unanswered, Super Nova began a nonpayment proceeding in New York City Civil Court on November 27, 2006. AGC failed to appear to defend the action. The court therefore granted Super Nova a default judgment of possession and issued a warrant of eviction on February 1, 2007. The following day, February 2, 2007, AGC filed a voluntary Chapter 7 petition for bankruptcy protection that automatically stayed all actions against the company, *see* 11 U.S.C. § 362(a), thereby preventing Super Nova from executing the warrant.

On March 28, 2007, Super Nova filed an unopposed motion before the Bankruptcy Court to lift the automatic stay in order to execute the warrant of eviction. The Bankruptcy Court granted the motion on April 11, 2007. With the stay lifted, Super Nova executed the warrant on April 24, 2007, and Super Nova obtained both legal and actual possession of the property. According to Super Nova, AGC abandoned certain personal property and debris on the premises that cost Super Nova $10,000 to remove.

On January 30, 2009, Super Nova moved, pursuant to Section 365(d)(3) of the Bankruptcy Code, *see* 11 U.S.C. § 365(d)(3), for unpaid rent, attorneys' fees, and prejudgment interest. Super Nova sought payment for the period between the Chapter 7 petition date, February 2, 2007, and the eviction date, April 24, 2007. The Trustee promptly

3

opposed the motion and the Bankruptcy Court ordered discovery pursuant to Federal Rule of Bankruptcy Procedure 9014(c). Following discovery, the Trustee moved for summary judgment, arguing that—since the lease had been "terminated" pre-petition when the warrant of eviction was issued—the lease was not "unexpired" and hence that a prerequisite for relief under Section 365(d)(3) was not met.

On July 13, 2010, the Bankruptcy Court granted the Trustee's motion for summary judgment and denied Super Nova's motion for administrative expenses. Accepting the Trustee's argument, the court held that the lease was not "unexpired" because it was "terminated" pre-petition by the issuance of the warrant of eviction, and, as such, Super Nova was not entitled to post-petition rent, attorneys' fees, or interest. On appeal, the District Court, agreeing that the lease was not "unexpired" as required by the Bankruptcy Code, affirmed the Bankruptcy Court's decision. This timely appeal followed.[1]

## II.    DISCUSSION

"We exercise plenary review over a district court's rulings in its capacity as an appellate court in bankruptcy." *Cmty. Bank, N.A., v. Riffle*, 617 F.3d 171, 174 (2d Cir. 2010) (per curiam). We "'independently examine the bankruptcy court's factual determinations and legal conclusions, accepting the former unless clearly erroneous and reviewing the latter *de novo*.'" *Id.* (quoting *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005)).

The threshold question in this case is a purely legal one: Where a landlord seeks and obtains a warrant of eviction in New York, but does not execute that warrant prior to the

---

[1] The Bankruptcy Court also denied Super Nova's motion for leave to amend its expense motion to include an alternative basis for relief under Section 503(b)(1)(A) of the Bankruptcy Code. The District Court affirmed. On appeal, Super Nova does not challenge this ruling and we treat the claim as abandoned.

4

tenant's filing of a bankruptcy petition, is the lease "unexpired" for purposes of Section 365(d)(3) of the Bankruptcy Code? We hold that it is and vacate the District Court's ruling to the contrary. Our holding to that effect does not, however, fully resolve this case. *See infra* pp. 7-11.

Section 365(d)(3) of the Bankruptcy Code obligates a trustee "timely [to] perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property." 11 U.S.C. § 365(d)(3). "The term 'unexpired' is not defined in the Bankruptcy Code itself or in its legislative history." *Brattleboro Hous. Auth. v. Stoltz (In re Stoltz)*, 197 F.3d 625, 629 (2d Cir. 1999). Given this, we have held that "because property interests are created and defined by state law," we should "look[] to state law to determine a debtor's interests, including leasehold interests, in the bankruptcy estate." *Id.*

Section 749(3) of the New York Real Property Actions & Proceedings Law provides in relevant part:

> The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.

N.Y. Real Prop. Acts. Law § 749(3) (McKinney 2011). Under New York law, therefore, while the issuance of a warrant of eviction cancels any existing lease and seemingly terminates the landlord-tenant relationship, the tenant, in fact, retains a residual interest in the lease until the execution of the warrant. Prior to such execution, the state court may vacate the warrant of eviction for good cause and thereby reinstate the lease. *See, e.g.*, *In re*

5

*Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63, 70 (Bankr. S.D.N.Y. 2010) (lifting automatic stay to permit debtor to move in New York state court to vacate warrant of eviction).

In *Stoltz*, a Vermont case, we suggested that a lease that has been "terminated" pre-petition can nonetheless be "unexpired" for purposes of Section 365(d)(3) if state law permits reinstatement of the lease. 197 F.3d at 630-31. Under Vermont law, until a landlord obtains a writ of possession—the equivalent of New York's warrant of eviction—the debtor "ha[s] the right to vacate the judgment of possession by curing the default on rent and paying interest and costs." *Id.* at 630. The tenant in *Stoltz* had filed for bankruptcy prior to the issuance of the writ of possession and before the time to appeal the judgment of possession had expired. *Id.* On these facts, we held that "a debtor who retains a possessory interest in a residential tenancy has an 'unexpired' lease at least until the writ of possession is issued." *Id.* at 631. We expressly left open whether the lease would be deemed "unexpired" if the writ of possession had been issued but not executed pre-petition. *See id.* ("On the facts of this case, it is unnecessary to decide whether a lease remains unexpired until the execution of the writ of possession."). In *Canney v. Merchants Bank* (*In re Canney*), 284 F.3d 362 (2d Cir. 2002), we returned to the issue left open in *Stoltz* and held that under Vermont law, "[i]n an ejectment proceeding, a debtor may redeem and thereby avoid ejectment if the clerk of court has not issued the writ of possession; issuance of the writ in an ejectment proceeding extinguishes the debtor's right to redeem." *Id.* at 374-75.

Applying *Stoltz* and *Canney* to the New York statutory scheme compels reversal of the District Court's decision in this case that the lease was not "unexpired." In Vermont, the issuance of the writ of possession terminates a tenant's right to redeem. But in New York, until the execution of the warrant of eviction, a tenant who demonstrates good cause may

6

obtain vacatur of the warrant, and in that way avoid eviction and reinstate the lease even though it was previously terminated when the eviction warrant was issued. The automatic stay, moreover, effectively prevents a landlord from <u>executing</u> a warrant of eviction once a bankruptcy petition is filed, and thereby preserves the tenant's right to pursue this state court post-petition statutory remedy.

Following our prior holdings, we conclude that a lease is "unexpired" for purposes of Section 365(d)(3) of the Bankruptcy Code when the tenant has the power to revive the lease under applicable state law. *Cf. Stoltz*, 197 F.3d at 630-31 (stating that "a tenant-debtor with a possessory interest in leased residential property has an 'unexpired' lease" if state law permits the debtor to "cur[e] the default"); *see also id.* at 630 (stating that "a lease is not considered to be expired for purposes of the Code by a judgment of possession where [the] tenant has power to revive [the] lease under applicable state law" (citing *Robinson v. Chi. Hous. Auth.*, 54 F.3d 316, 321 (7th Cir. 1995))). Because in New York it is the execution and not the issuance of the warrant of eviction that extinguishes the tenant's interest in the lease, the lease is "unexpired," as that term is used in Section 365(d)(3), until the warrant is executed. That the warrant itself nominally terminates the lease is irrelevant: the existence of a statutory right to reinstate the lease upon a showing of good cause means that the lease remains "unexpired." And only when the warrant is executed and the tenant's residual right to reinstate the lease is extinguished does the lease cease being "unexpired."

It does not, however, follow from this conclusion that Super Nova is entitled to rental payments and other costs. Section 365(d)(3) states that "[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, *until such lease is assumed or rejected*." 11

7

U.S.C. § 365(d)(3) (emphasis added). This same section also states that a nonresidential lease cannot be assumed or assigned by the trustee if it is "terminated" under state law. *See id.* § 365(c)(3) ("The trustee may not assume or assign any executory contract or unexpired lease of the debtor . . . if . . . such lease is of nonresidential real property and *has been terminated under applicable nonbankruptcy law* prior to the order for relief." (emphasis added)). In other words, if a nonresidential lease has been terminated under state law, then the Trustee may not assume or assign the lease; rather, he can only reject it.

This raises the question whether a "terminated" yet "unexpired" lease should be treated as presumptively rejected by the Trustee or whether we should require the Trustee affirmatively to reject it in order to avoid liability for rent and other costs. We can think of practical reasons to treat the lease as rejected, the most compelling one being that unless the Trustee acts in moderately complex ways—*i.e.*, by moving to lift the automatic stay in bankruptcy court and then seeking vacatur in state court—he is not permitted to assume such a terminated lease. By contrast, the landlord need only move to lift the automatic stay to execute its eviction warrant, without seeking any further state court remedy.

But there are also compelling concerns on the other side. Even though the leasehold cannot be immediately assumed by the Trustee, the Trustee—as indicated above—can move in state court to reinstate the lease. Once the lease is reinstated, the Trustee can, under the Bankruptcy Code, readily assume it. Pending any such action, moreover, the Trustee remains in legal possession of the property and the landlord cannot execute the warrant because of the automatic stay. This means that the Trustee is capable during such a time to move to obtain the benefits of the lease, should he wish to do so. Conversely, the Bankruptcy Code does provide a mechanism for the Trustee to reject a lease during the

8

same time, if that is what he wishes. *See* 11 U.S.C. § 365(d)(4) (requiring a trustee to file a motion to reject a lease or wait 120 days, after which the unexpired lease is deemed rejected). As a result, to avoid allowing the trustee to "have it either way" depending on how the value of the lease moves, there may be a good reason to place the burden on the Trustee to disclaim any future interest in the lease and affirmatively to reject it if he intends to surrender the property.

This question—whether the Trustee should be obliged to reject a "terminated" but "unexpired" lease—was not briefed or argued below. The issue is one of law, and hence we could decide it now. But because of the Bankruptcy Court's specialized knowledge, we deem it wise to permit the parties to brief and argue the issue before that court in the first instance. In remanding this issue, we also vacate and remand the Bankruptcy Court's earlier finding on the question of possession. The Bankruptcy Court concluded that the tenant in this case was not in possession of the property. This finding was based entirely on representations made by the tenant and the Trustee. The Trustee declared to the Bankruptcy Court that he could not enter the premises because he did not have possession of the keys and could access the building only with the permission of the building supervisor. Further, the Trustee submitted that in November 2006, Super Nova "locked the [p]remises and thereafter, denied [AGC] access to the [p]remises and to its property," thereby regaining possession and effectuating constructive eviction. At the same time, AGC claimed that it communicated to Super Nova that it "had no intention or desire to maintain operations or otherwise occupy the [p]remises" and offered to enter into a surrender agreement.

Super Nova presents a substantially different account. It asserts that after AGC began bankruptcy proceedings, AGC retained possession of the premises and failed to

9

surrender the keys. According to Super Nova, AGC did not vacate the property until ousted by eviction. Super Nova also claims that prior to formal eviction, the Trustee's agent, along with Vicky Kuhn, a representative of AGC who had keys to the premises, visited the building and removed several boxes. Finally, Super Nova alleges that when the lease expired on February 28, 2007, it sent the Trustee a request to enter into a surrender agreement, but received no response.

The Bankruptcy Court appeared to acknowledge that there was a conflict, but, nonetheless, held that the debtor was not in possession of the property. Given that the parties' accounts diverge dramatically, the issue of possession could not be decided at summary judgment. *See Jasco Tools, Inc. v. Dana Corp.* (*In re Dana Corp.*), 574 F.3d 129, 151 (2d Cir. 2009) ("A motion for summary judgment may properly be granted—and the grant of summary judgment may properly be affirmed—only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." (citing Fed. R. Civ. P. 56(c))). On remand, therefore, if the Bankruptcy Court concludes that this question of fact—whether AGC or the Trustee remained in possession of the property—is necessary to decide whether Super Nova is entitled to its administrative claim of rental payments under Section 365(d)(3), it must make this determination, but it must do so only after the requisite examination of the issues of fact in dispute.

***

To summarize: We hold that a lease is "unexpired" for purposes of the Bankruptcy Code where the tenant has the power to revive the lease under applicable state law. Because in New York it is the execution, and not the issuance, of the warrant of eviction that

10

extinguishes the tenant's interest in a lease, until the warrant is executed, the lease is "unexpired" for purposes of Section 365(d)(3). We therefore vacate the District Court's judgment that the lease in this case was not "unexpired" under Section 365(d)(3). Even so, the question of whether a Trustee is required affirmatively to reject a "terminated" yet "unexpired" lease or whether such a lease should be treated as presumptively rejected was not briefed or argued before either the Bankruptcy Court or the District Court. Accordingly, we remand the case to the Bankruptcy Court so that it can decide that issue in the first instance. If its determination of that issue leaves the question of whether AGC or the Trustee remained in possession of the property as determinative of whether Super Nova is entitled to rental payments and other costs under Section 365(d)(3), the Bankruptcy Court must decide that issue, but only after resolving the factual dispute that we have noted.

## III.    CONCLUSION

For the foregoing reasons, we VACATE the judgment of the District Court and REMAND the case to the District Court with instructions to remand to the Bankruptcy Court for further proceedings consistent with this opinion.

11